1

2

3

4                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
5                                   AT SEATTLE

6    IN RE: PHENYLPROPANOLAMINE
     (PPA) PRODUCTS LIABILITY
7    LITIGATION,                              MDL NO. 1407

8    _____         ORDER SEVERING CLAIMS

9    This document relates to:

10   Drain v. Bayer Corp., et al.,
     No. 03-866
11

12

13       This matter comes before the court on the May 5, 2005 Order

14   to Show Cause why this matter should not be remanded. Having

15   reviewed all the briefing, and being fully advised, the court

16   finds and rules as follows:

17       This case includes allegations against The Delaco Company

18   ("Delaco"), a bankrupt defendant. Plaintiff alleges that Delaco,

19   as well as several other defendants in this action (collectively,

20   the "Dexatrim defendants"), manufactured the PPA-containing

21   Dexatrim that plaintiff claims to have ingested. In addition, the

22   plaintiff claims to have ingested a PPA-containing product

23   manufactured by defendant Bayer Corporation ("Bayer").

24       Delaco filed for bankruptcy on February 12, 2004, in the

25   Southern District of New York. Pursuant to 11 U.S.C. §362(a) of

26   the Bankruptcy Code, all claims against Delaco are subject to an

ORDER
Page - 1 -

1  automatic stay. The resolution of plaintiff's claims against the
2  remaining defendants, with the exception of those against Bayer,
3  are contingent on the settlement of Dexatrim-related claims as
4  part of Delaco's bankruptcy plan.

5      On May 24, 2005, the court received an objection to remand
6  by one of the Dexatrim defendants. Pliva, Inc., fka Sidmak
7  Laboratories, Inc. ("Pliva") noted that the Dexatrim defendants,
8  as a result of the automatic stay, have not had the opportunity
9  to complete discovery in MDL 1407. Pliva argued that if the
10 entire case is remanded, and if the Delaco bankruptcy does not
11 proceed as planned, these defendants would be deprived of some of
12 the benefits of the MDL by being forced to conduct discovery in
13 the transferor jurisdiction. On June 10, 2005, the court issued a
14 Minute Order asking the parties to submit briefing on the possi-
15 bility of severing the action and remanding only the plaintiff's
16 non-Dexatrim claims.

17     Four parties filed responses to the court's June 10, 2005
18 Minute Order. Both the plaintiff and Bayer inform the court that
19 they favor severance and immediate remand of plaintiff's
20 non-Dexatrim claims. Delaco and Pliva, however, each express
21 concern that the Dexatrim defendants could be prejudiced by
22 rulings made in the transferor court in the severed, non-Dexatrim
23 action (the "severed action"). Delaco reports that it is amenable
24 to severance so long as the court includes language in a sever-
25 ance order explicitly shielding Delaco from this type of preju-
26 dice, but Pliva flatly opposes severance.

ORDER
Page – 2 –

1    This Court has discretion to sever an action on "its own

2  initiative at any stage of the action and on such terms as are

3  just. Any claim against a party may be severed and proceeded with

4  separately." Fed. R. Civ. P. 21. In particular, the court may

5  sever to allow proceedings against non-debtor defendants to

6  proceed. See In Re Related Asbestos Cases, 23 B.R. 523, 531-32

7  (N.D. Cal. 1982) (where claims against debtor defendant were

8  stayed, court severed claims against non-debtor joint tortfeasor

9  defendants).

10    The Dexatrim defendants' concern with severance is grounded

11  on the premise that even if the court ordered separate trials,

12  all the defendants would remain parties to the same case, and

13  that as such, factual or legal determinations in the severed

14  action might bind the Dexatrim defendants in a later trial. It is

15  true that under "the law of the case" doctrine, a court is

16  precluded from reexamining an issue previously decided by the

17  same court or a higher appellate court in the same case, unless

18  the evidence in a subsequent trial was substantially different,

19  controlling law has changed, or the prior decision was clearly

20  erroneous and would work a manifest injustice. Pit River Home and

21  Agr. Co-op. Ass'n, 30 F.3d 1088, 1096-97 (9th Cir. 1994). If the

22  court was planning merely to order a separate trial of the

23  plaintiff's claims against Bayer, the Dexatrim defendants' fears

24  might warrant consideration.

25    However, severance under Fed. R. Civ. P. 21 creates entirely

26  separate actions. In re Brand-Name Prescription Drugs Antitrust

ORDER
Page – 3 –

Litigation, 264 F. Supp. 2d 1372, 1376 (Jud. Pan. Mult. Lit.,
2003) (severance of claims under Rule 21 results in the creation
of separate actions); U.S. v. O'Neil, 709 F.2d 361, 368 (5th Cir.
1983) (Rule 21 order creates separate actions; Rule 42(b) order
does not). Since the Dexatrim defendants will not be party to the
severed action, determinations made therein would not be the "law
of the case," and would not be binding on the Dexatrim defen-
dants.[1]

Underlying this decision to sever is the court's concern
about the undue delay that would result should the court decline
to remand plaintiff's non-Dexatrim claims. Because of the poten-
tial prejudice to plaintiff and to Bayer if such a delay were to
occur, and because the court is of the opinion that the Dexatrim
defendants' concerns are inapplicable in the context of a Rule 21
severance, the court finds that severance of the plaintiff's non-
Dexatrim claims is necessary and appropriate at this juncture.

Accordingly, IT IS HEREBY ORDERED, pursuant to Fed. R. Civ.
P. 21, that the plaintiff's claims against Bayer are severed for
remand and further proceedings in the transferor court, while the
plaintiff's claims against the Dexatrim defendants remain pending
in this court. This court will recommend to the Judicial Panel of
Multidistrict Litigation remand of the severed action;

IT IS FURTHER ORDERED that the Clerk shall provide a sepa-

---

[1] Although the court does not believe that it is necessary,
it will include in this order the protective language proposed by
Delaco.

ORDER
Page – 4 –

1  rate civil action number for the severed action, and shall also

2  file this Order in the severed action;

3      IT IS FURTHER ORDERED that no proceeding in the severed

4  action may adversely affect, in any way, any of the Dexatrim

5  defendants or any of their successors, and that any legal or

6  factual finding, determination or decision in the severed action

7  be without prejudice as to the Dexatrim defendants or their

8  successors.

9      DATED at Seattle, Washington this 19th day of July, 2005.

10

11  Barbara Jacobs Rothstein

12  U.S. District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page – 5 –