UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER SEVERING CLAIMS |
| This document relates to: Drain v. Bayer Corp., et al., No. 03-866 | |

This matter comes before the court on the May 5, 2005 Order to Show Cause why this matter should not be remanded. Having reviewed all the briefing, and being fully advised, the court finds and rules as follows:

This case includes allegations against The Delaco Company ("Delaco"), a bankrupt defendant. Plaintiff alleges that Delaco, as well as several other defendants in this action (collectively, the "Dexatrim defendants"), manufactured the PPA-containing Dexatrim that plaintiff claims to have ingested. In addition, the plaintiff claims to have ingested a PPA-containing product manufactured by defendant Bayer Corporation ("Bayer").

Delaco filed for bankruptcy on February 12, 2004, in the Southern District of New York. Pursuant to 11 U.S.C. §362(a) of the Bankruptcy Code, all claims against Delaco are subject to an

ORDER
Page - 1 -

automatic stay. The resolution of plaintiff's claims against the remaining defendants, with the exception of those against Bayer, are contingent on the settlement of Dexatrim-related claims as part of Delaco's bankruptcy plan.

On May 24, 2005, the court received an objection to remand by one of the Dexatrim defendants. Pliva, Inc., fka Sidmak Laboratories, Inc. ("Pliva") noted that the Dexatrim defendants, as a result of the automatic stay, have not had the opportunity to complete discovery in MDL 1407. Pliva argued that if the entire case is remanded, and if the Delaco bankruptcy does not proceed as planned, these defendants would be deprived of some of the benefits of the MDL by being forced to conduct discovery in the transferor jurisdiction. On June 10, 2005, the court issued a Minute Order asking the parties to submit briefing on the possibility of severing the action and remanding only the plaintiff's non-Dexatrim claims.

Four parties filed responses to the court's June 10, 2005 Minute Order. Both the plaintiff and Bayer inform the court that they favor severance and immediate remand of plaintiff's non-Dexatrim claims. Delaco and Pliva, however, each express concern that the Dexatrim defendants could be prejudiced by rulings made in the transferor court in the severed, non-Dexatrim action (the "severed action"). Delaco reports that it is amenable to severance so long as the court includes language in a severance order explicitly shielding Delaco from this type of prejudice, but Pliva flatly opposes severance.

ORDER
Page - 2 -

1  This Court has discretion to sever an action on "its own
2 initiative at any stage of the action and on such terms as are
3 just. Any claim against a party may be severed and proceeded with
4 separately." Fed. R. Civ. P. 21. In particular, the court may
5 sever to allow proceedings against non-debtor defendants to
6 proceed. See In Re Related Asbestos Cases, 23 B.R. 523, 531–32
7 (N.D. Cal. 1982) (where claims against debtor defendant were
8 stayed, court severed claims against non-debtor joint tortfeasor
9 defendants).
10  The Dexatrim defendants' concern with severance is grounded
11 on the premise that even if the court ordered separate trials,
12 all the defendants would remain parties to the same case, and
13 that as such, factual or legal determinations in the severed
14 action might bind the Dexatrim defendants in a later trial. It is
15 true that under "the law of the case" doctrine, a court is
16 precluded from reexamining an issue previously decided by the
17 same court or a higher appellate court in the same case, unless
18 the evidence in a subsequent trial was substantially different,
19 controlling law has changed, or the prior decision was clearly
20 erroneous and would work a manifest injustice. Pit River Home and
21 Agr. Co-op. Ass'n, 30 F.3d 1088, 1096-97 (9th Cir. 1994). If the
22 court was planning merely to order a separate trial of the
23 plaintiff's claims against Bayer, the Dexatrim defendants' fears
24 might warrant consideration.
25  However, severance under Fed. R. Civ. P. 21 creates entirely
26 separate actions. In re Brand-Name Prescription Drugs Antitrust

ORDER
Page – 3 –

Litigation, 264 F. Supp. 2d 1372, 1376 (Jud. Pan. Mult. Lit., 2003) (severance of claims under Rule 21 results in the creation of separate actions); U.S. v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983) (Rule 21 order creates separate actions; Rule 42(b) order does not). Since the Dexatrim defendants will not be party to the severed action, determinations made therein would not be the "law of the case," and would not be binding on the Dexatrim defendants.[1]

Underlying this decision to sever is the court's concern about the undue delay that would result should the court decline to remand plaintiff's non-Dexatrim claims. Because of the potential prejudice to plaintiff and to Bayer if such a delay were to occur, and because the court is of the opinion that the Dexatrim defendants' concerns are inapplicable in the context of a Rule 21 severance, the court finds that severance of the plaintiff's non-Dexatrim claims is necessary and appropriate at this juncture.

Accordingly, IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 21, that the plaintiff's claims against Bayer are severed for remand and further proceedings in the transferor court, while the plaintiff's claims against the Dexatrim defendants remain pending in this court. This court will recommend to the Judicial Panel of Multidistrict Litigation remand of the severed action;

IT IS FURTHER ORDERED that the Clerk shall provide a sepa-

---

[1] Although the court does not believe that it is necessary, it will include in this order the protective language proposed by Delaco.

ORDER
Page - 4 -

rate civil action number for the severed action, and shall also file this Order in the severed action;

IT IS FURTHER ORDERED that no proceeding in the severed action may adversely affect, in any way, any of the Dexatrim defendants or any of their successors, and that any legal or factual finding, determination or decision in the severed action be without prejudice as to the Dexatrim defendants or their successors.

DATED at Seattle, Washington this 19th day of July, 2005.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge